# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No._____

BEHAVIOR ANALYST CERTIFICATION
BOARD, INC. and NCS PEARSON, INC.,
d/b/a PEARSON VUE

        Plaintiffs,

  v.

MARTA PELAEZ ELVIREZ

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Behavior Analyst Certification Board, Inc. ("the BACB") and NCS Pearson, Inc., d/b/a Pearson VUE ("Pearson") (collectively, "Plaintiffs"), bring this Complaint against Marta Pelaez Elvirez ("Elvirez") for copyright infringement, misappropriation of trade secrets, and other related claims:

## INTRODUCTION

1. Behavior analysis is the science of behavior, with a history extending back to the early 20th century. Its guiding philosophy is behaviorism, which is based on the premise that attempts to improve the human condition through behavior change (*e.g.,* education, behavioral health treatment, *etc.*) will be most effective if behavior itself is the primary focus.

2. Behavior analysts generally work with children and young adults exhibiting challenging behaviors, including aggression and self-injury, to understand the root causes of these behaviors in order to help modify those behaviors. Behavior analysts also work with individuals

on the autism spectrum in order to assist those individuals with assimilating into mainstream society.

3. The BACB is a national nonprofit 501(c)(3) corporation established in 1998 to meet the professional credentialing needs of behavior analysts, governments, insurers, and consumers of behavior analysis services. BACB is a credentialing organization that relies on its credibility with consumers and licensing authorities to attract professionals to attain its certifications.

4. The BACB offers three (3) certifications to qualified candidates. The Registered Behavior Technician (RBT) certification requires completion of a mandatory forty-hour training and competency assessment, successful passage of an examination, ethical compliance, and mandatory annual completion of an additional competency assessment.

5. The BACB maintains a position as an industry-leader in the behavior analyst sector, as it has currently certified over 150,000 individuals in the field. Currently 33 states have enacted licensure laws and affiliated regulations. Those licensure laws and their implementing regulations all defer to the BACB certification to varying degrees.

6. Defendant Elvirez breached certain confidentiality and ethical obligations required of individuals who take a BACB examination by copying certain exam questions and then, upon information and belief, disclosing those questions to other individuals who took the same examination at a later time.

7. The BACB's reputation and goodwill have been seriously damaged by this breach. The BACB has also incurred significant monetary damages as it has had to remove the stolen questions from use as part of future examinations and replace those questions with other, newly developed questions.

## PARTIES

8. The BACB is a Florida non-profit corporation with its principal place of business at 7950 Shaffer Parkway, Littleton, Colorado 80127.

9. Pearson is a Minnesota corporation with its principal place of business at 5601 Green Valley Drive, Suite 220, Bloomington, Minnesota 55437.

10. Elvirez is domiciled in Florida and resides at 10310 SW 4th Street, Miami, Florida 33174.

## JURISDICTION AND VENUE

11. This action arises under the United States Copyright Act, 17 U.S.C. §101 *et. seq.* (the "Copyright Act") and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 (the "DTSA"). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12. This Court has supplemental jurisdiction of the remaining state and common law claims as such claims arise out of a common nucleus of operative facts as the Copyright and Defend Trade Secret Acts claims.

13. This Court has personal jurisdiction over Elvirez as she is domiciled in Florida and all improper acts complained of herein have occurred in this Judicial District and/or caused BACB and Pearson injury in this Judicial District.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## FACTS COMMON TO ALL COUNTS

**A.  The BACB's Services**

15. The BACB is a national nonprofit 501(c)(3) corporation established in 1998 to meet professional credentialing needs of behavior analysts, governments, insurers, and consumers of behavior analysis services.

16. The certifications issued by the BACB are utilized by regulatory agencies and boards for state licensing purposes, as well as validation of professional qualifications by school districts, other government organizations, and private medical and consulting practices.  The bona fide utilization of the BACB credentials by individual certificants for state licensing is a critical and essential part of the BACB's activities, and the BACB has a protectable interest in maintaining the integrity of these certification processes.

17. The BACB offers three certifications to qualified candidates: (1) Board Certified Behavior Analyst (the "BCBA Certification"), which requires completion of mandatory coursework, requisite levels of experience, a qualifying graduate degree, successful passage of an examination, ethical compliance, and mandatory continuing education; (2) Board Certified Assistant Behavior Analyst (the "BCaBA Certification"), which requires completion of mandatory coursework, requisite levels of experience, a qualifying bachelor's degree, successful passage of an examination, ethical compliance, and mandatory continuing education; and (3) Registered Behavior Technician (the "RBT Certification"), which requires completion of a mandatory 40-hour training and competency assessment, a high school diploma, successful passage of an examination, ethical compliance, and mandatory annual completion of a new competency assessment.

18.     In order to obtain any of three certifications offered by the BACB, candidates must take and pass a rigorous examination. The BACB develops its examinations by having subject matter experts write and review new examination questions and then pilot those questions to ensure statistical validity before scoring those questions on its examinations. The BACB incurs hundreds of thousands of dollars in costs to develop each of its examinations. Questions are typically used on a rotating basis for several years before being replaced.

19.     The BACB offers its examinations through a third-party vendor, Pearson. Pearson is the global leader in delivering high-stakes examinations, including the Medical College Admission Test, the United States Secret Service Special Agent Entrance Exam, the National Certification Board for Alzheimer Care Test, and the National Board Dental Hygiene Examination, to name a few, via the world's most comprehensive network of nearly 20,000 highly secure test centers, as well as through online testing in over 180 countries. Pearson's leadership in the assessment industry is a result of collaborative partnerships with a broad range of clients, from leading technology firms to government and regulatory agencies.

20.     The BACB's Registered Behavior Technician Handbook contains express Terms and Conditions, to which a candidate for any BACB certification must agree before commencing an examination application. Relevant Terms and Conditions include:

> You are prohibited from taking materials, documents, notes, or memoranda of any sort from the examination area. YOU ARE PERMANENTLY PROHIBITED FROM EVER DISCLOSING THE CONTENT OF BACB EXAMINATION QUESTIONS. This prohibition includes verbal, written, and/or electronic (e.g. email, chat room, social media) disclosure. The BACB examinations and individual questions are copyright protected and highly confidential trade secrets. Any disclosure or reconstruction of test questions and content shall be in violation of BACB rules and subject to damages including, but not limited to, the cost of replacing the compromised question(s) and reconstruction of the examination, if advisable, at the discretion of the BACB.

> Proctors are authorized to maintain a secure and proper examination administration. You may not communicate with other examinees during the examination. The BACB considers unauthorized sharing of examination content with others to be a violation of the copyright and to constitute cheating. Cheating or permitting cheating (such as letting someone copy your answers or providing information on the content of examination questions to others), will be cause for automatic disqualification and dismissal from the examination. Any irregular, disruptive, inappropriate, or suspected cheating behavior by you may result in your relocation or removal from the examination site and/or refusal to release your examination scores. In such event, your examination fees will not be refunded or deferred.

21. Additionally, the BACB Registered Behavior Technician Handbook contains an Examination Security section, which states:

> The BACB and Pearson VUE take examination security seriously, because the value of your certification and our credibility depend on it. RBT certification examination content is confidential; it is never appropriate to share, discuss, post, or upload exam content. In addition, candidates are required to adhere to the RBT Ethics Code, including 1.03, which includes the following requirement: "RBTs are truthful and honest and create an environment that promotes truthful and honest behavior in others."
>
> Unauthorized possession, reproduction, publication, or disclosure of any BACB examination materials—including storing or disclosing examination questions to any person or entity by any means before, during, or after the examination—is prohibited and can result in program disqualification or other appropriate censure. Examples of violations and misconduct include:
>
> - Submitting false, inconsistent, or misleading statements or omitting information the BACB requests
> - Attempting to take the examination for someone else or having someone else take the examination for you
> - Copying or sharing information, or any other form of cheating
> - Obtaining advanced access to examination material
> - Stealing examination materials
> - Bringing prohibited items into the examination room
> - Failing to follow directions from test center staff
> - Violating Pearson VUE scheduling or test center rules and regulations

22. A candidate for any BACB certification also must agree to a Certification Processing Agreement before the BACB agrees to process a certification application, which states, in part:

   3. You are required to complete all requirements of the BACB relating to the BACB certification you are requesting or any BACB certification or credential held by you, including, but not limited to:

* * *

- Compliance with the RBT Ethics Code

* * *

9. You agree to abide by the following testing conditions:

* * *

- The BACB examinations are only offered to individuals who are seeking BACB certification or recertification, and for no other purpose. You are not permitted access to BACB examinations for any other purpose, including, but not limited to:

  - Memorizing content, copying content, photographing or recording content in any medium
  - Contributing to or operating test-preparation for examination candidates
  - Contributing to or operating an "examination dump" or site or similar site designed to collect information about BACB examinations
  - Any other activity other than becoming certified by the BACB

- The BACB examinations and individual questions are copyright protected and highly confidential trade secrets. Any disclosure or reconstruction of test questions and content shall be a violation of BACB rules and subject to damages, including, but not limited to, the cost of replacing the compromised question(s) and reconstruction of the examination at the discretion of the BACB.

   23. The RBT examination questions are considered by BACB to be trade secrets as they are the subject of reasonable efforts to maintain their confidentiality and BACB derives independent economic value from such questions not being generally known to, and not being readily ascertainable through, proper means by others who can obtain economic value from their disclosure or use.

   24. A candidate wishing to take an online live remote proctored examination must also agree to Pearson's OnVUE policies before taking an exam. The OnVUE policies indicate that a candidate "understand and agree" to Pearson's Terms of Service, which state, in relevant part:

> Pearson VUE grants you a limited license to access and make personal use of this site, subject to the Terms. This site and any portion hereof may not be reproduced, duplicated, copied, downloaded (other than page caching), sold, resold, visited, or otherwise exploited for any commercial purpose without the express written consent of Pearson VUE. You may not frame or utilize framing techniques to enclose any trademark, logo or other proprietary information (including images, text, page layout and form) of Pearson VUE and/or its affiliates without the express written consent of Pearson VUE.

**B.  Background of Elvirez's Theft**

25. In April 2020, Pearson testing sites were either closed or operated at substantially reduced capacity as mandated by local authorities in response to the COVID-19 pandemic. BACB expanded examination options to live remote proctoring to mitigate the impact of COVID-19 on RBT applicants. Live remote proctoring allows candidates to take BACB's examinations in the privacy of their home or office.

26. The RBT Certification examination includes a security feature known as a Dynamic Indicator Item ("DII"). A DII is incorporated within RBT examination forms to covertly insert candidate-specific identifying information for security purposes (*e.g.*, to prevent individuals taking photos of or otherwise stealing examination questions). Each specific DII is a series of numbers unique to the candidate taking the RBT examination. The series of numbers are also unique to specific test characteristics (*e.g.*, exam date, exam time, grade, score).

27. Elvirez first took a live remote proctored RBT examination on April 23, 2020 and was administered version AB-rev. Elvirez failed this examination with a score of 189.

28. Eight days later, on May 1, 2020, Elvirez took a second live remote proctored RBT examination. She was administered version AC-rev and passed with a score of 241; a nearly thirty percent improvement over her score from only eight days prior.

29. Elvirez's examination-attempt time analysis, which compares an exam taker's response times to each question with the median response times for all candidates, revealed that

she spent substantially more time than the median on most examination questions during the April 23, 2020 test, but substantially below the median time on most of the examination questions during the May 1, 2020 test. In other words, not only did her score significantly improve from the first time she took the examination to the second, but her time spent analyzing most questions decreased significantly from the first to the second examinations.

## C. Elvirez's Copyright Infringement, Misappropriation of Trade Secrets, and Other Wrongful Acts

30. On July 27, 2020, an informant emailed Pearson a copy of a study guide that the informant claimed was being distributed to individuals preparing to take the RBT examination. Pearson forwarded this information to the BACB.

31. The BACB confirmed that the study guide consisted of stolen examination questions. The study guide included 164 examination items from the RBT examination forms AB-rev and AC-rev, two active RBT examination forms being used at the time for live remote examination delivery.

32. The RBT exams Elvirez took on April 23, 2020 and May 1, 2020 were versions AB-rev and AC-rev, respectively.

33. In addition to being identical versions to the tests Elvirez took, the BACB identified a DII in the stolen study guide. Specifically, the BACB found Elvirez's DII in the stolen study guide emailed to Pearson on July 27, 2020.

34. As such, the BACB identified conclusive proof that Elvirez copied and distributed the stolen materials.

35. Elvirez's theft compelled the BACB to retire 164 examination questions and prepare new questions, at a cost of at least one hundred sixty-one thousand dollars ($161,000). This cost estimate does not include costs associated with investigating and pursuing this theft.

36. Elvirez's theft and dissemination of examination content directly violated rules and conditions agreed to by her in her application for the RBT Certification, in her Examination Terms and Conditions, and in Pearson's Terms of Service; all of which she consented to prior to commencement of the examination.

37. Elvirez's improper conduct, including her misappropriation of copyrighted BACB certification examination content, allows her and others with access to the content to work closely with and treat vulnerable children and adults with behavioral disorders, such as autism, when they have not adequately demonstrated that they possess the knowledge skills and abilities to pass the certification examination. Therefore, this suit concerns a matter of public safety.

38. In addition, individuals with RBT certification are able to charge more for their services. Indeed, insurers and government programs (*e.g.*, Medicaid) reimburse insureds and participants at higher rates for services rendered by RBT certificants than those provided by non-RBT certificants. Thus, individuals who obtain RBT certification through fraudulent means are defrauding not only clients, but also insurers and government programs, by charging and receiving higher rates based on illegitimate credentials.

39. As a result of Elvirez's copyright infringement, misappropriation of trade secrets, and other wrongful acts, the Plaintiffs have suffered, and continue to suffer, damages.

**D. Post-Theft Notice of Alleged Violation and Disciplinary Determination**

40. On January 5, 2021, the BACB Ethics Department sent Elvirez a Notice of Alleged Violation. The Notice of Alleged Violation provided Elvirez with an examination misconduct summary, listing in detail the underlying facts, evidentiary support, summary of violations, and graphical analyses related to Elvirez's two examination attempts.

41. Elvirez responded to the Notice of Alleged Violation through counsel, denying all allegations that she stole, copied, bought, or sold any RBT examination questions.

42. The BACB's Review Committee reviewed the Notice of Alleged Violation and Elvirez's response. The Review Committee determined that Elvirez had committed the infractions complained of in the Notice of Alleged Violation and that Elvirez's certification and ability to sit for any BACB examination should be revoked indefinitely.

43. The BACB has revoked Elvirez's RBT certification.

44. Elvirez did not appeal that revocation.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement
### (17 U.S.C. § 101 *et seq.*)

45. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

46. The BACB has created examinations to obtain BCBA, BCaBA, and the RBT certifications.

47. The examinations are original works as defined by the Copyright Act, and the BACB is the owner of all rights, including copyrights, in and to the examinations and material contained therein.

48. On August 28, 2020, the BACB applied to the Register of Copyrights for Certificates of Registration from the United States Copyright Office for six RBT examination applications, including the two versions Elvirez stole - RBT AB-rev and RBT AC-rev.

49. These applications have been approved. RBT AB-rev has been assigned registration number TX0008979927, while RBT AC-rev has been assigned copyright registration number TX0008979933.

50. Elvirez's actions in this regard are in violation of the Copyright Act and constitute copyright infringement under the Copyright Act.

51. The BACB has suffered significant damages and harm as a result of Elvirez's improper actions and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### Misappropriation of Trade Secrets in Violation of Defend Trade Secrets Act
### (18 U.S.C. § 1836 *et seq.*)

52. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

53. The BACB is the owner of certain proprietary information, including information in the RBT Examination, certain of which constitutes trade secrets within the meaning of 18 U.S.C. § 1839(3).

54. The BACB has taken reasonable measures to safeguard its trade secrets, particularly the trade secrets included in all BACB Examinations, including the RBT Examination.

55. The BACB's trade secrets, including the RBT Examination, derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of such trade secrets.

56. Elvirez misappropriated the BACB's trade secrets for her own advantage and for the advantage of others.

57. Elvirez acquired the BACB's trade secrets while knowing that the secrets were improperly acquired and under circumstances giving rise to a duty to maintain secrecy of the trade secrets.

58. The BACB's trade secrets are related to services used in interstate commerce as the BACB offers its examinations and awards certifications to successful examinees throughout the United States and internationally.

### THIRD CLAIM FOR RELIEF

**Misappropriation of Trade Secrets in Violation of the Florida Uniform Trade Secrets Act (Fla. Stat. § 688.002)**

59. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

60. The BACB is the owner of certain proprietary information, including information in the RBT Examination, certain of which information constitutes trade secrets within the meaning of Fla. Stat. Ann. § 688.002.

61. The BACB has taken reasonable measures to safeguard its trade secrets.

62. The BACB's trade secrets, including the RBT Examination, derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of such trade secrets.

63. Elvirez misappropriated the BACB's trade secrets for her own advantage and for the advantage of others.

64. Elvirez acquired the BACB's trade secrets while knowing that the secrets were improperly acquired and under circumstances giving rise to a duty to maintain secrecy of the trade secrets.

### FOURTH CLAIM FOR RELIEF

**Conversion**

65. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

66. At the time of Elvirez's theft, the BACB had possession of the examinations and questions therein and maintained a right to possess the examinations and questions therein.

67. The BACB demanded Elvirez return the stolen examinations and cease all further dissemination or disclosure of the stolen examinations.

68. Elvirez refused to return the stolen examinations.

69. Elvirez's actions in this regard constitute common law conversion under Florida law.

70. The BACB has suffered significant damages and harm as a result of Elvirez's improper actions and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### Breach of Contract (the BACB)

71. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

72. The BACB and Elvirez entered into a valid and enforceable contract associated with Elvirez taking the RBT examination, the terms of which are included in the BACB Registered Behavior Technician Handbook and clearly outlined in the Certification Processing Agreement.

73. Elvirez materially breached this contract by stealing and disseminating the BACB examination items.

74. The BACB has suffered significant damages and harm as a result of Elvirez's improper actions and breach of contract and will likely continue to suffer such damages and harm unless such improper actions are enjoined.

### SIXTH CLAIM FOR RELIEF

### Breach of Contract (Pearson)

75. Pearson repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

76. Pearson and Elvirez entered into a valid and enforceable contract associated with Elvirez taking the RBT examination, the terms of which are included in the OnVUE Policies and Pearson Terms of Service.

77. Elvirez materially breached this contract by stealing and disseminating BACB examination items administered by Pearson.

78. Pearson has suffered significant damages and harm as a result of Elvirez's improper actions and breach of contract and will likely continue to suffer such damages and harm unless such improper actions are enjoined.

### SEVENTH CLAIM FOR RELIEF

### Tortious Interference with Prospective Economic Advantage

79. The BACB repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

80. The BACB has business relationships with insurers, medical, educational, and consulting practices, and government programs that place great weight on the merits of its credentialing services. The bona fide utilization of the BACB credentials by individuals for state licensing is a critical and essential part of the BACB's business activities. The BACB relies on its credibility with consumers and licensing authorities to attract professionals to attain its certification.

81. Upon information and belief, Elvirez is generally aware of the BACB's reputation as an industry-leader in the behavior analyst sector and BACB's business relationships.

82. Elvirez intentionally and unjustifiably interfered with the BACB's business relationships by compromising the integrity and meaningfulness of a BACB certification.

83. The BACB has suffered significant damages and harm as a result of Elvirez's improper actions and will likely continue to suffer such damages and harm.

## PRAYER

WHEREFORE, Plaintiffs, the Behavior Analyst Certification Board, Inc. and NCS Pearson, Inc., d/b/a Pearson VUE, respectfully request that:

A. The Court enter an injunction ordering that Elvirez, as well as her agents, representatives, and all other persons in privity or acting in concert with her, be enjoined from further using, disseminating or disclosing the BACB Examinations;

B. The Court enter an order against Elvirez awarding Plaintiffs damages for Elvirez's improper actions identified above in an amount to be determined by the Court, but in no event, less than $75,000.00, or statutory damages available under the US Copyright Act;

C. The Court enter an order against Elvirez awarding Plaintiffs an amount equal to the amounts incurred by it in prosecuting its claims in this matter, including amounts for reasonable attorneys' fees and costs, available to prevailing parties under the US Copyright and Defend Trade Secret Acts;

D. The Court enter an order against Elvirez demanding that she provide an accounting of any amounts earned by her for selling, using, disclosing, or otherwise distributing the BACB Examinations;

E. The Court enter an order against Elvirez demanding that she identify all those to whom she disclosed, disseminated or otherwise disclosed any portion of the BACB Examinations; and

     F. The Court enter an order awarding such other relief as it may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated: August 3, 2021

                                                  Respectfully submitted,

By:   /s/ *Martin B. Goldberg*
       Martin B. Goldberg
       Florida Bar No. 0827029
       mgoldberg@lashgoldberg.com
       rdiaz@lashgoldberg.com
       Benjamin R. Shiekman
       Florida Bar No. 113114
       bshiekman@lashgoldberg.com
       hestrada@lashgoldberg.com
       LASH & GOLDBERG LLP
       100 Southeast Second Street
       Miami, FL  33131
       Telephone: (305) 347-4040
       Facsimile: (305) 347-4050
       *Local Counsel for Plaintiffs*

       and

       Steven E. Tiller
       Whiteford, Taylor & Preston, LLP
       7 St. Paul Street
       Baltimore, MD 21202
       Telephone: (410) 347-9425
       Facsimile: (410) 223-4325
       stiller@wtplaw.com

       Dorothy Deng
       Whiteford, Taylor & Preston, LLP
       3190 Fairview Park Drive
       Suite 800
       Falls Church, VA 22042-4510
       Telephone: (202) 659-6789
       Facsimile: (202) 327-6147
       ddeng@wtplaw.com
       [*Pro hac vice applications to be submitted*]
       *Counsel for Plaintiffs*