UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22833-BLOOM/Otazo-Reyes

BEHAVIOR ANALYST
CERTIFICATION BOARD, INC.,
NCS PEARSON, INC.
*doing business as*
PEARSON VUE,

    Plaintiffs,

v.

MARTA PELAEZ ELVIREZ,

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS CAUSE** is before the Court following a non-jury trial held on January 18, 2023. ECF No. [50]. Plaintiffs Behavior Analyst Certification Board, Inc. ("BACB") and NCS Pearson, Inc. ("Pearson") (collectively, "Plaintiffs") filed Proposed Findings of Fact and Conclusions of Law, ECF No. [51] ("Plaintiffs' Proposed Findings"). The Court has carefully considered the evidence presented at trial, Plaintiffs' Proposed Findings, the record as a whole, and the applicable law. Set forth below are the Court's relevant findings of fact and conclusions of law.

    **I.**    **INTRODUCTION**

This case arose after Marta Pelaez Elvirez ("Elvirez" or "Defendant") took two examinations created by BACB and administered by Pearson. *See generally* ECF No. [1] ("Complaint"). BACB is a national nonprofit 501(c)(3) corporation established in 1998 to meet the professional credentialing needs of behavior analysts, governments, insurers, and consumers of behavior analysis services. *Id.* at ¶ 15. BACB offers three (3) certifications to qualified candidates including the Registered Behavior Technician (RBT) certification, which requires,

among other things, successful passage of an examination offered by BACB. *Id*. at ¶ 17. To obtain any of three certifications offered by BACB, candidates must take and pass a rigorous examination developed by BACB. *Id*. at ¶ 18. BACB develops its examinations by having Subject Matter Experts ("SME") write and review new examination questions and then pilots those questions to ensure statistical validity before scoring those questions on its examinations. *Id*. BACB offers its examinations through a third-party vendor, Pearson. *Id*. at ¶ 19.

According to the Complaint, Elvirez took BACB's RBT examination via remote proctored administration by Pearson on April 23, 2020, and again on May 1, 2020. *Id*. at ¶¶ 27-28. The Complaint alleges that Elvirez copied and distributed the questions from the examinations she took on April 23, 2020, and May 1, 2020, in violation of express terms and conditions in BACB's Registered Behavior Technician Handbook, BACB's testing conditions, Pearson's terms of service, and United States Copyright Law. *Id*. at ¶¶ 20-22, 24, 32-34, 50.

Elvirez, represented by counsel, appeared in this action and answered the Complaint. *See* ECF No. [16]. On August 9, 2022, Elvirez's counsel filed an unopposed motion to withdraw from representation, indicating that he had lost all contact with Elvirez and all efforts to contact Elvirez had been unsuccessful. ECF No. [32] at ¶ 7-8. On August 10, 2022, the Court granted Defendant's counsel's motion to withdraw, and ordered that Defendant retain counsel or notify the Court of her intention to proceed *pro se*. ECF No. [33]. The Court also stated that failure by the Defendant to comply "will result in appropriate sanctions, including the entry of default." *Id*. at ¶4. Defendant did not retain new counsel, nor did she notify the Court of her intention to proceed *pro se*.

Elvirez did not appear at the Calendar Call held on January 10, 2023, at 1:45 pm. *See* ECF No. [44]. Plaintiffs moved to strike Elvirez's pleadings and for an entry of default which the Court granted. *See* i*d*. Plaintiffs waived their right to a jury trial and the Court scheduled a non-jury trial

on damages for the following week. The non-jury trial on damages was conducted on January 18, 2023, of which Defendant was notified but also failed to appear.

The Complaint alleges the following Counts against Elvirez: copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (Count I), misappropriation of trade secrets in violation of Defend Trade Secrets Act pursuant to 18 U.S.C. § 1836 *et seq.* (Count II), misappropriation of trade secrets in violation of the Florida Uniform Trade Secrets Act pursuant to Fla. Stat. § 688.002 (Count III), conversion (Count IV), breach of contract pursuant to BACB's contract with Elvirez (Count V), breach of contract pursuant to Pearson's contract with Elvirez (Count VI), and tortious interference with prospective economic advantage (Count VII).

## II.   FINDINGS OF FACT

BACB is a credentialing organization that relies on its credibility with consumers and licensing authorities to attract professionals to attain its certifications. BACB offers three certifications, including the Registered Behavior Technician ("RBT"). To obtain RBT certifications offered by BACB, candidates must take and pass a rigorous examination that reflects certain competencies for the RBT. BACB develops its examinations by having Subject Matter Experts ("SME") write and review new examination questions which it then pilots to ensure statistical validity before scoring those questions on its examinations. BACB incurs significant expenses to develop each of its examinations. Questions are typically used on a rotating basis for several years before being replaced.

BACB's Registered Behavior Technician Handbook and online application contain the express Terms and Conditions to which a candidate for any BACB certification must agree before submitting an examination application. Relevant Terms and Conditions include:

> You are prohibited from taking materials, documents, notes, or memoranda of any sort from the examination area. YOU ARE PERMANENTLY PROHIBITED

> FROM EVER DISCLOSING THE CONTENT OF BACB EXAMINATION QUESTIONS. This prohibition includes verbal, written, and/or electronic (e.g. email, chat room, social media) disclosure. The BACB examinations and individual questions are copyright protected and highly confidential trade secrets. Any disclosure or reconstruction of test questions and content shall be in violation of BACB rules and subject to damages including, but not limited to, the cost of replacing the compromised question(s) and reconstruction of the examination, if advisable, at the discretion of the BACB.
>
> Proctors are authorized to maintain a secure and proper examination administration. You may not communicate with other examinees during the examination. The BACB considers unauthorized sharing of examination content with others to be a violation of the copyright and to constitute cheating. Cheating or permitting cheating (such as letting someone copy your answers or providing information on the content of examination questions to others), will be cause for automatic disqualification and dismissal from the examination. Any irregular, disruptive, inappropriate, or suspected cheating behavior by you may result in your relocation or removal from the examination site and/or refusal to release your examination scores. In such event, your examination fees will not be refunded or deferred.

*See* ECF No. [38-1] at 12.

BACB's Registered Behavior Technician Handbook used by the Defendant to apply for certification contains an Examination Security section, which provides, in pertinent part:

> The BACB and Pearson VUE take examination security seriously, because the value of your certification and our credibility depend on it. The RBT certification examination content is confidential; it is never appropriate to share, discuss, post, or upload exam content. In addition, candidates are required to adhere to the RBT Ethics Code, including 1.03, which includes the following requirement: "RBTs are truthful and honest and create an environment that promotes truthful and honest behavior in others."
>
> Unauthorized possession, reproduction, publication, or disclosure of any BACB examination materials—including storing or disclosing examination questions to any person or entity by any means before, during, or after the examination—is prohibited and can result in program disqualification or other appropriate censure.

*Id*. at 13.

The BACB offers its examinations through a third-party vendor, Pearson. A candidate wishing to take an online live remote proctored examination must also agree to Pearson's OnVUE

policies. The OnVUE policies agreed to by the Defendant indicate that a candidate "understands and agrees" to Pearson's Terms of Service, which provide, in relevant part:

> Pearson VUE grants you a limited license to access and make personal use of this site, subject to the Terms. This site and any portion hereof may not be reproduced, duplicated, copied, downloaded (other than page caching), sold, resold, visited, or otherwise exploited for any commercial purpose without the express written consent of Pearson VUE. You may not frame or utilize framing techniques to enclose any trademark, logo or other proprietary information (including images, DocuSitext, page layout and form) of Pearson VUE and/or its affiliates without the express written consent of Pearson VUE.

ECF No. [53-2] at 2; *see also* ECF No. [1] at ¶ 24. Defendant could only take the RBT examination following her agreement to the BACB's and Pearson's terms and conditions and policies, including those set forth above.

The RBT examination questions are considered by BACB to be secure trade secrets as they are the subject of considerable efforts to maintain their confidentiality and BACB derives independent economic value from such questions not being generally known to, and not being readily ascertainable through, proper means by others who can obtain economic value from their disclosure or use.

In addition to the measures taken by the BACB and Pearson to safeguard the content of the RBT examination by having candidates agree to their terms, conditions, and policies before being administered the examination, BACB has also copyrighted the RBT examination. *See* ECF No. [53-4]; ECF No. [1] at ¶¶ 48-49. Specifically, BACB registered two copyrights with the United States Copyright Office on August 28, 2020, for the following two RBT examination versions:

- SECURE TEST: Registered Behavior Technician RBT-AB-rev
- SECURE TEST: Registered Behavior Technician RBT-AC-rev

Additionally, the RBT certification examinations include a security feature known as a Dynamic Indicator Item ("DII"). A unique DII is incorporated within each RBT examination to

covertly insert candidate-specific identifying information for security purposes (*e.g.*, to prevent individuals taking photos of or otherwise stealing examination questions). Each specific DII is a series of numbers unique to the candidate taking the RBT examination. The series of numbers are also unique to specific test characteristics (*e.g.*, exam date, exam time, grade, score).

Elvirez took the live remote proctored RBT examination two times, on April 23, 2020, and May 1, 2020. The RBT exam versions administered to Elvirez were AB-rev and AC-rev, respectively. Elvirez failed the first examination with a score of 189. Eight days later, Elvirez took a second live remote proctored RBT examination on May 1, 2020, and achieved a passing score of 241.

Elvirez was initially flagged by BACB after her second examination because of her response times. Specifically, Elvirez's examination-attempt time analysis, which compares an exam taker's response times to each question with the median response times for all candidates, revealed that she spent substantially more time than the median on most examination questions during the April 23, 2020, test, but below the median time on most of the examination questions during the May 1, 2020, test. In other words, not only did her score significantly improve from the first time she took an online proctored examination to the second, but her time spent analyzing most questions decreased significantly from the first to the second examination despite the examinations being only seven days apart.

Additionally, on July 27, 2020, an informant emailed Pearson a copy of a study guide that the informant claimed was being distributed to individuals preparing to take the BACB RBT Certification examination. ECF Nos. [53-5], [53-6]. Pearson forwarded the study guide to BACB. BACB confirmed that the study guide consisted of stolen examination questions. The study guide

included 164 examination items from the RBT examination forms AB-rev and AC-rev, both of which were taken by Elvirez.

In addition to being identical versions to the tests Elvirez took, BACB identified Elvirez's DII in the study guide provided by the informant. The presence of Elvirez's DII in the study guide is conclusive proof that she copied and distributed examination questions from the RBT Certification examinations that she took or that she allowed another person to copy and distribute the question from the RBT Certification examinations that she took.

BACB initiated an internal investigation into the circumstances of Elvirez's RBT examinations and gave her an opportunity to respond. *See* ECF No. [53-7]. Through that internal investigation, BACB determined that Elvirez had personally copied and distributed or allowed to be copied and distributed the examination questions from the examinations she took; accordingly, BACB revoked her RBT certification. *Id*. Elvirez did not appeal or otherwise contest that revocation.

As a result of Elvirez's actions, the BACB retired all 164 RBT examination questions and prepared new questions at substantial cost to the BACB. To replace those 164 *operational* RBT examination items, it would require approximately 255 *pilot* items to be developed by SMEs. BACB estimates that a 9-month period to replace the 164 operational items that were stolen, cost $144,810.00[1] in SME support dollars, which is the amount that the BACB is seeking. This amount does not include any damage to the professional reputation and goodwill of the BACB and Pearson because of Elvirez's improper activities.

---

[1] BACB arrived at this number by taking its 2020 budget item for SME costs, which was $386,160, which includes all costs associated with supporting SMEs that write examination items for the BACB's three certification programs and dividing it in half because the RBT program uses half of this line item on the budget due to the high volume of RBT program SMEs. Based on that calculation, the SME support cost for the RBT program is approximately $193,080 per year. Because it took nine out of the twelve months to replace the 164 examination items BACB requested 75% of the relevant annual figure.

### III.    CONCLUSIONS OF LAW

All well-pleaded allegations of fact are deemed admitted upon entry of default. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] "The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id*. Moreover, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

#### A. Liability

Plaintiffs assert seven counts for liability against Defendant: copyright infringement pursuant to 17 U.S.C. § 101 *et seq*. (Count I), misappropriation of trade secrets in violation of Defend Trade Secrets Act pursuant to 18 U.S.C. § 1836 *et seq*. (Count II), misappropriation of trade secrets in violation of the Florida Uniform Trade Secrets Act pursuant to Fla. Stat. § 688.002 (Count III), conversion (Count IV), breach of contract pursuant to BACB's contract with Elvirez (Count V), breach of contract pursuant to Pearson's contract with Elvirez (Count VI), and tortious interference with prospective economic advantage (Count VII). For the reasons that follow, the Court finds that Defendant is liable under each count.

##### i.    Copyright Infringement

The Copyright Act provides in relevant part that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff may satisfy the first prong by producing the certificates of registration, and once produced, the burden shifts to Defendant to demonstrate why the claim of copyright is invalid. *See id.* at 361; 17 U.S.C. § 410(c) (noting that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate"). The second prong, the copying element of an infringement claim, has two components: (1) Plaintiff must demonstrate that Defendant copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010).

Plaintiffs alleged in the Complaint and established at trial by producing the certificates of copyright registration, that the SECURE TEST: Registered Behavior Technician RBT-AB-rev and SECURE TEST: Registered Behavior Technician RBT-AC-rev versions of the RBT examinations are original works as defined by the Copyright Act, that BACB is the owner of all rights, including copyrights, in and to those examinations and material contained therein. Plaintiffs similarly alleged in the Complaint and established at trial that BACB's internal investigation determined that Defendant had personally copied and distributed or allowed to be copied and distributed the examination questions from the copyrighted examinations she took SECURE TEST: Registered Behavior Technician RBT-AB-rev and SECURE TEST: Registered Behavior Technician RBT-AC-rev. Plaintiffs have therefore sufficiently alleged and demonstrated that Defendant is liable for copyright infringement.

### ii. Misappropriation of Trade Secrets in Violation of Defend Trade Secrets Act

Under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq,* a trade secret is defined as information for which: (1) "the owner thereof has taken reasonable measures to keep such information secret"; and (2) "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *M.C. Dean, Inc. v. City of Miami Beach, Fla.*, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016) (quoting 18 U.S.C. § 1839(3)). Misappropriation is defined "as the 'acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means.'" *U.S. Sec. Associates, Inc. v. Campos*, 19-24290-CIV, 2020 WL 2494597, at *2 (S.D. Fla. May 13, 2020) (quoting 18 U.S.C. § 1839(5)(A)).

Plaintiffs alleged in the Complaint and established at trial that BACB is the owner of proprietary RBT examination questions which it takes reasonable means to safeguard and keep secret. Plaintiffs further established that BACB derives independent economic value from the examination items not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of such items. Plaintiffs have therefore established that the examination contained trade secrets. Plaintiffs further established that Defendant acquired BACB's trade secrets knowing that they were improperly acquired and under circumstances giving rise to a duty to maintain their secrecy. Plaintiffs therefore sufficiently alleged and demonstrated that Defendant misappropriated or allowed to be misappropriated the BACB's trade secrets for her own advantage and for the purported advantage of others. Plaintiffs also alleged that BACB's trade secrets are related to services used in interstate commerce as the BACB offers its examinations and awards certifications

to successful examinees throughout the United States and internationally. Plaintiffs have shown that Defendant is liable for misappropriation of trade secrets in violation of the Defend Trade Secrets Act.

### iii. Misappropriation of Trade Secrets in Violation of Florida Uniform Trade Secrets Act

To prevail on a claim of violation of the Florida Uniform Trade Secrets Act under Fla. Stat. § 688.002, a plaintiff "must demonstrate that (1) it possessed a trade secret and (2) the secret was misappropriated." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1310 (11th Cir. 2020) (quoting *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297 (11th Cir. 2018)). Under Florida law, a trade secret is information that:

> (a) [d]erives independent economic value ... from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

*Id*. at 1311 (quoting Fla. Stat. §688.002(4)). "One party can misappropriate another's trade secret by either acquisition, disclosure, or use." *Id*.

Plaintiffs alleged in the Complaint and demonstrated at trial that their proprietary RBT examination questions are trade secrets, and that Defendant misappropriated such trade secrets when she improperly acquired the trade secrets. Plaintiffs have shown that Defendant misappropriated or allowed to be misappropriated the BACB's trade secrets under the Florida Uniform Trade Secrets Act.

### iv. Conversion

The elements for a claim of conversion under Florida law are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013).

Plaintiffs alleged in the Complaint and established at trial that at the time Defendant copied the examination questions, BACB had possession of the examination and questions therein and maintained a right to possess the examinations and questions therein. Plaintiffs also alleged and established that Defendant did not return the copied examinations and has not disclosed any profits she acquired from distributing the copied examination questions. Plaintiffs therefore successfully established Defendant's liability for conversion under Florida law.

### v. Breach of Contract – between BACB and Elvirez

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

Plaintiffs alleged in the Complaint and established at trial each of the three elements. First, Plaintiffs alleged and established that BACB and Defendant entered into a valid and enforceable contract associated with Defendant taking the RBT examination. The terms of that contract are contained in the BACB Registered Behavior Technician Handbook and the Certification Processing Agreement. Defendant breached the contract by copying and disseminating BACB examination items. Plaintiffs also established that BACB suffered damages including costs incurred replacing the disseminated examination questions as a result of Defendant's breach of contract. At trial, Plaintiffs established that BACB conservatively estimated that it incurred $144,810.00 in costs associated with replacing the 164 operation questions included on the two

examinations that Defendant copied and disseminated. Plaintiffs therefore established Defendant's liability for breach of the contract between BACB and Elvirez.

### vi. Breach of Contract between Pearson and Elvirez

Plaintiffs alleged in the Complaint and established at trial each of the three elements necessary to establish Defendant's liability for breach of the contract between her and Pearson. Plaintiffs established that Pearson and Defendant entered into a valid and enforceable contract associated with Defendant taking the RBT examination and that the terms of that contract are included in the OnVUE Policies and Pearson Terms of Service. Plaintiffs further alleged and established that Defendant breached the contract by copying and disseminating the BACB examination items administered by Pearson and that Pearson suffered significant damages and harm as a result. Plaintiffs have shown that Defendant is liable for breach of the contract between Pearson and Elvirez.

### vii. Tortious Interference with Prospective Economic Advantage

Under Florida law, a claim for tortious interference with prospective economic advantage requires a plaintiff to show: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *GolTV, Inc. v. Fox Sports Latin Am., Ltd.*, 16-24431-CIV, 2018 WL 1393790, at *21 (S.D. Fla. Jan. 26, 2018) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)).

BACB alleged in the Complaint and established at trial that BACB has business relationships with insurers, medical, educational, and consulting practices, and government programs that place great weight on the merits of its credentialing services. The *bona fide*

utilization of BACB credentials by individuals for state licensing is a critical and essential part of BACB's business activities. BACB relies on its credibility with consumers and licensing authorities to attract professionals to attain its certification. Defendant is generally aware of BACB's reputation as an industry-leader in the behavior analyst sector and BACB's business relationships and Defendant intentionally and unjustifiably interfered with BACB's business relationships by compromising the integrity and meaningfulness of a BACB certification. BACB has suffered significant damages and harm as a result of Defendant's improper actions and will likely continue to suffer such damages and harm. Plaintiffs therefore established Defendant's liability for tortious interference with prospective economic advantage.

### B. Damages

For the reasons described above, Plaintiffs have shown that Defendant is liable under theories of copyright infringement, misappropriation of trade secrets in violation of the Defend Trade Secrets Act, misappropriation of trade secrets in violation of the Florida Uniform Trade Secrets Act, conversion, breach of contract with BACB, breach of contract with Pearson, and tortious interference with prospective economic advantage.

Although BACB could recover damages under any of its well-pled claims, each of those claims arise from a single injury, - *i.e.*, Defendant's wrongful use and dissemination of the RBT examinations. BACB is therefore entitled to only a single award of damages, regardless of which theory under which it is awarded, because "no duplicating recovery of damages for the same injury may be had." *St. Lukes's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1204 (11th Cir. 2009). "When a plaintiff seeks recovery for the same damages under different legal theories, only a single recover is allowed." *Id.* (*quoting Conway v. Icahn & Co.*, 16 F.3d 504, 511 (2d Cir. 1994)). Plaintiff BACB has shown that it suffered damages in the amount of $144,810.00.

BACB is also entitled to attorneys' fees under the U.S. Copyright Act, 17 U.S.C. § 505. Under the facts and circumstances of this case, the Court exercises its discretion and grants entitlement to BACB of the attorneys' fees incurred by it in prosecuting this case under the Copyright Act for the Defendant's infringement of BACB's works. The Court notes that an entitlement to attorneys' fees would also be appropriate under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D) as the prevailing party in this matter but that granting such entitlement would be duplicative.

Pearson did not move for an award of damages or put on evidence of its separate damages at trial in connection with Count VI for breach of contract. Therefore, the Court does not award Pearson any damages in connection with that claim.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Final Judgment shall be entered in favor of Plaintiff Behavior Analyst Certification Board, Inc. and against Defendant in the amount of $144,810.00, plus post-judgment interest at the legal rate from the entry of judgment until paid pursuant to 28 U.S.C. § 1961;
2. The Court will enter Final Judgment separately;
3. The Court reserves jurisdiction to award Plaintiffs' reasonable fees and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 7, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-22833-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record

Marta Pelaez Elvirez
10310 SW 4th Street
Miami, FL 33174