UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22833-BLOOM/Otazo-Reyes

BEHAVIOR ANALYST
CERTIFICATION BOARD, INC.,
NCS PEARSON, INC.
*doing business as*
PEARSON VUE,

    Plaintiffs,

v.

MARTA PELAEZ ELVIREZ,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff Behavior Analyst Certification Board, Inc.'s Motion for Award of Attorney's Fees, ECF No. [61] ("Motion"), filed on April 10, 2023. The Court has reviewed the Motion, the record in this case, and the applicable law. For the reasons set forth below, the Motion is granted.

Under the "American Rule," parties generally are not entitled to an award of attorney's fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, Plaintiff is entitled to attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505. The Copyright Act states in relevant part, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id*.

"[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the

lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. Plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

Plaintiff's attorneys, Todd R. Legon ("Legon") and Steven E. Tiller ("Tiller"), submitted Declarations and statements describing their work and the work of their co-counsel on this case. *See* ECF Nos. [61-1], [61-2]. Legon asserts that he is a partner at Legon Fodiman & Sudduth, P.A. with a $500.00 hourly rate. ECF No. [61-1] at 3. His attached timesheet reflects that he billed 17.9 hours on this case. *Id*. at 7-8. He therefore seeks $8,950.00 in attorney's fees. ECF No. [61] at 7. Legon's Declaration also asserts that attorney William F. Rhodes ("Rhodes"), who worked on and tried this matter, is a partner at Legon Fodiman & Sudduth P.A. and has been admitted to practice in this district since 2001. ECF No. [61-1] at 2. Rhodes billed 31.7 hours at an hourly rate of $425.00 per hour. *Id*. at 2, 7-8. Rhodes therefore seeks $13,472.50 in attorney's fees.

Tiller asserts that he is a partner at Whiteford, Taylor & Preston, LLP ("WTP") with over thirty years of experience and a standard hourly rate in 2022 of $690.00 and a standard hourly rate in 2021 of $655.00. ECF No. [61-2] at 2-3. Tiller explains that he billed his time at a reduced hourly rate of $621.00 in 2022 and $589.50 in 2021. *Id*. at 3. The attached time sheets reflect that Tiller billed 9.3 hours on this matter, 6 hours in 2021 and 3.3 hours in 2022. *Id*. at 7-21. However, the Motion seeks compensation for Tiller for only 8.7 hours at a rate of $589.50 per hour. ECF No. [61] at 7. Tiller's Declaration also asserts that attorney Timothy R. Willman ("Willman") is a former associate at WTP who has been admitted to practice law since December 2018. ECF No.

Case No. 21-cv-22833-BLOOM/Otazo-Reyes

[61-2] at 2. His standard hourly rate for 2022 was $410.00, and his standard hourly rate for 2021 was $385.00, but he billed time on this matter at a reduced hourly rate of $369.00 in 2022 and $346.50 in 2021. *Id*. at 2. The attached time sheets reflect that Willman billed a total of 10.5 hours on this matter, 2.4 hours in 2021 and 8.1 hours in 2022. *Id*. at 7-21. The Motion seeks compensation for 10.5 hours at a rate of $346.50 per hour.

In sum, Plaintiff has shown entitlement to the $31,189.40 in attorneys' fees requested in the Motion, and the Court finds the amount to be reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [61]**, is **GRANTED**. Plaintiff is awarded **$31,189.40** in attorneys' fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marta Pelaez Elvirez
10310 SW 4th Street
Miami, FL 33174